THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| HECKLER AND KOCH, INC., | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | VERIFIED COMPLAINT |
| | ) | (Collection/Non-Jury) |
| ELLETT BROTHERS, LLC, UNITED | ) | |
| SPORTING COMPANIES, INC. AND | ) | |
| JERRY'S SPORT CENTER, | ) | |
| | ) | |
| Defendants. | | |

Plaintiff, Heckler and Koch, Inc., ("**Heckler and Koch**" or "**Plaintiff**"), for its Complaint against Defendants, Ellett Brothers, LLC, United Sporting Companies and Jerry's Sport Center ("**Defendants**"), alleges as follows:

## INTRODUCTION

1.      Defendants ordered firearms from Plaintiff pursuant to that certain Authorized Commercial Distribution Agreement dated March 7, 2018, more fully described hereinbelow ("**Distributor Agreement**").

2.      Plaintiff manufactured and delivered said firearms to Defendants pursuant to the terms of the Distributor Agreement.

3.      Defendants owe Plaintiff no less than $572,428.48, plus applicable interest and attorney's fees and costs on account of the firearms ordered by Defendants and timely delivered by Plaintiff for which Defendants have failed to timely pay.

4.      Plaintiff brings this action to recover the amount due, which totals $572,428.48, and to recover other damages suffered by Plaintiff as a result of Defendants' breach of the Parties' agreements.

## PARTIES, JURISDICTION, AND VENUE

5.     Plaintiff is a corporation organized under the laws of the State of Virginia, and maintains its principal place of business in Macon, Georgia.

6.     Upon information and belief, Defendant Ellett Brothers, LLC ("**Ellett**") is a South Carolina limited liability company that maintains its principal place of business at 267 Columbia Avenue, Chapin, S.C. Ellett may be validly served with process at that address.

7.     Upon information and belief, Defendant United Sporting Companies, Inc. ("**United**") is a Delaware corporation that maintains its principal place of business at 267 Columbia Avenue, Chapin, S.C. United may be validly served with process at that address.

8.     Upon information and belief, Defendant Jerry's Sport Center ("**Jerry's**" and together with Ellett, and United, the "**Defendants**") is a business entity organized and existing in a state unknown to Plaintiff, but doing business under such name with its principal place of business at 267 Columbia Avenue, Chapin, S.C. Jerry's may be validly served with process at that address.

9.     Plaintiff delivered all firearm product subject to this action to the Defendants at 267 Columbia Avenue, Chapin, S.C.

10.     Federal jurisdiction is applicable under 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000 and this action is between citizens of different states.

11.     Venue is appropriate in this judicial district by virtue of 28 U.S.C. § 1391(b) because this is a district in which the Defendants reside and a district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

## FACTS

12.     The Defendants and Plaintiff entered into the Distributor Agreement on or about March 7, 2018.  A copy of the Distributor Agreement is attached hereto as Exhibit "A," and incorporated herein by reference.  Thereunder, the "Distributor" is listed as, "United Sporting Companies, Ellett Brothers and Jerry's Sports Center" and each such party is jointly and severally liable for the duties of "Distributor" thereunder.

13.     For the period extending from December 31, 2018, through January 4, 2019, Defendants, acting in the name of "Ellett Brothers" and pursuant to account number 10002766, ordered firearm product from Plaintiff totaling $382,980.27 ("**Ellett Account Balance**").

14.     For the period extending from December 27, 2018 through January 4, 2019, Defendants, acting in the name of "Jerry's Sports Center" and pursuant to account number 10000474, ordered firearm product from Plaintiff totaling $189,448.21 ("**Jerry's Account Balance**").

15.     Under the Distributor Agreement, all sales are subject to the prices, terms and conditions of the Plaintiff's Authorized Commercial Distributor Price List and Authorized Commercial Distributor Conditions of Sale.

16.     The Distributor Agreement calls for recovery by Plaintiff of attorney fees and costs in the event of Defendants' failure to pay Plaintiff all amounts due under the Distributor Agreement.

### FOR A FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT-ELLETT BROTHERS ACCOUNT)

17.     Plaintiff realleges the foregoing Paragraphs as if set forth verbatim herein.

18.     Pursuant to orders placed under Account Number 10002766, Plaintiff sent invoices to Defendants for firearm product delivered to Defendants, and billed Defendants on terms of net

thirty days, as agreed by the parties to the Distributor Agreement. Plaintiff satisfied its contractual obligations to Defendants in all material respects.

19.   Defendants failed to timely pay Plaintiff's invoices reflecting amounts due and owing on account of the delivered firearm products, totaling $382,980.27 (collectively, the **"Unpaid Ellett's Invoices"**). True and correct copies of the Unpaid Ellett Invoices are attached hereto as Exhibit "B."

20.   Plaintiff demanded payment of the Unpaid Ellett's Invoices by correspondence dated February 7, 2019, a copy of which is attached hereto as Exhibit "C" and incorporated herein by reference.

21.   Defendants have been accorded all due credits and, despite due demand by Plaintiff, have refused to pay Plaintiff the Ellett Account Balance due under the Ellett Unpaid Invoices, and Plaintiff is therefore due judgment on the Ellett Account Balance in the amount of $382,980.27, plus interest at the statutory rate and authorized attorney's fees and costs

## FOR A SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT-JERRY'S SPORT CENTER ACCOUNT)

22.   Plaintiff realleges the foregoing Paragraphs as if set forth verbatim herein.

23.   Pursuant to orders placed under Account Number 10000474, Plaintiff sent invoices to Defendants for firearm product delivered to Defendants, and billed Defendants on terms of net thirty days, as agreed by the parties to the Distributor Agreement. Plaintiff satisfied its contractual obligations to Defendants in all material respects.

24.   Defendants failed to timely pay Plaintiff's invoices reflecting amounts due and owing on account of the delivered firearm products, totaling $189,448.21 (collectively, the **"Unpaid Jerry's Invoices"**). True and correct copies of the Unpaid Jerry's Invoices are attached hereto as Exhibit "D."

25.     Plaintiff demanded payment of the Unpaid Jerry's Invoices by correspondence dated February 7, 2019, a copy of which is attached hereto as Exhibit "E" and incorporated herein by reference.

26.     Defendants have been accorded all due credits and despite due demand by Plaintiff, have refused to pay Plaintiff the Jerry's Account Balance due under the Jerry's Unpaid Invoices and Plaintiff is therefore due the Jerry's Account Balance in the amount of $189,448.21, plus interest at the statutory rate and authorized attorney fees and costs.

## FOR A THIRD CAUSE OF ACTION
## (QUANTUM MERUIT)

27.     Plaintiff realleges the foregoing Paragraphs as if set forth verbatim herein.

28.     Plaintiff manufactured and delivered the firearm product ordered by Defendants, thereby conferring a benefit to Defendants which was realized by Defendants

29.     Plaintiff rightfully expected to be compensated pursuant to the corresponding price list provided by Plaintiff.

30.     Defendants failed to pay the Unpaid Ellett's Invoices and Unpaid Jerry's Invoices.

31.     Plaintiff has suffered, and will continue to suffer, damages as a direct result of Defendants' failure to pay the Unpaid Ellett's Invoices and Unpaid Jerry's Invoices.

32.     It would be inequitable for Defendants to retain the benefit of receiving Plaintiff's firearm product without paying Plaintiff for the firearm product's value.

33.     Defendants would be unjustly enriched at the expense of Plaintiff if Defendants are not required to pay the Unpaid Ellett's Invoices and Unpaid Jerry's Invoices.

34.     By reason of the foregoing, Plaintiff is entitled to recover from Defendants (i) no less than $382,980.27 on account of the Unpaid Ellett's Invoices together with applicable interest and costs; and (ii) no less than $189,448.21 on account of the Unpaid Jerry's Invoices, together

with applicable interest and costs.

WHEREFORE, Plaintiff requests that this Court enter an Order as follows:

(i)      Under the First Cause of Action, granting joint and several judgment against Defendants in favor of Plaintiff in the sum of no less than $382,980.27, plus interest, costs and attorney's fees and costs relating to this action;

(iii)    Under the Second Cause of Action, granting joint and several judgment against Defendants in favor of Plaintiff in the sum of no less than $189,448.21, plus interest, costs and attorney's fees and costs relating to this action;

(iii)    Under the Third Cause of Action, in the alternative, granting joint and several judgment against Defendants in the sum of no less than $572,428.48; and

(iv)    Granting Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ David B. Wheeler
David B. Wheeler (D. Ct. #4601)
Trudy H. Robertson (D. Ct. #6211)
Reid E. Dyer (D. Ct. #10723)
Moore & Van Allen PLLC
78 Wentworth Street
Charleston, SC 29401
Telephone (843) 579-7061
Facsimile (843) 579-7099
Email: davidwheeler@mvalaw.com
        trudyrobertson@mvalaw.com
        reiddyer@mvalaw.com

**Counsel for Plaintiff Heckler and Koch, Inc.**

Dated: April 18, 2019

6

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| HECKLER AND KOCH, INC., | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **VERIFIED STATEMENT OF** |
| | ) | **ACCOUNT** |
| ELLETT BROTHERS, LLC, UNITED | ) | |
| SPORTING COMPANIES, INC. AND | ) | |
| JERRY'S SPORT CENTER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I, Marco Pheiffer, being first duly sworn, depose and state as follows:

1.    I am a Vice President of Finance for Plaintiff, and have been duly authorized by Plaintiff to make, aver and file this Verified Statement of Account ("Affidavit"). I am over the age of 18 years and am competent to make this Verified Statement of Account. I am familiar with the transactions and facts stated in the Complaint. I have read the Complaint, and the facts therein stated are true, except those matters stated on information and belief, and as to those, I believe them to be true.

2.    As of February 7, 2019, there is due and owing from Defendants to Plaintiff under the Ellett Account described in the attached Complaint, the sum of $382,980.27, plus statutory reasonable attorneys' fees and the costs of this action.

3.    As of February 7, 2019, there is due and owing from Defendants to Plaintiff under the Jerry's Account described in the attached Complaint, the sum of $189,448.2, plus statutory reasonable attorneys' fees and the costs of this action.

4.    Plaintiff keeps regular books of account and the keeping of said books of account is in my charge and/or under my supervision. The entries in said books of account are made in

CHARLESTON\748209v1

the ordinary course of business. Said entries show that the Defendants are indebted to Plaintiff in the manner and amount set forth herein and in the Complaint.

FURTHER THE AFFIANT SAYETH NOT.

HECKLER AND KOCH, INC.

By: _____
　　　Marco Pheiffer

Its:　Vice President of Finance

SWORN to before me
this _10th_ day of April 2019.

_____
Notary Public for Georgia
My Commission Expires: July 10, 22
SEAL:

DONNA BUSSEY
Notary Public, Georgia
Muscogee County
My Commission Expires
July 10, 2022

CHARLESTON\748209v1